IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY DUANE ZIEHL,

      Plaintiff,

vs.                                                           No. CIV 14-0546 JB/SCY

HONORABLE JAMES WAYLON COUNTS,
TWELFTH JUDICIAL DISTRICT COURT, DIV. II,
KIRBY WILLIS, SENIOR TRIAL PROSECUTOR,
12TH JUDICIAL DISTRICT,
JOCELYN GARRISON, PUBLIC
DEFENDER, ALAMOGORDO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Gary Duane Ziehl's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 12, 2014 (Doc. 1)("Complaint"). Ziehl is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007).  In reviewing Ziehl's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Defendant James Waylon Counts, a state district judge, revoked Ziehl's probation and sentenced him to thirty-nine years in prison.   Ziehl contends that he has already served the sentence, and thus the new sentence violates state law and his rights under the Eighth Amendment.  He also asserts that the prosecutor participated in the imposition of the illegal sentence and that his counsel provided ineffective assistance.  For relief, Ziehl asks the Court to order his "total discharge from this sentence. . . .  [and] from Cause # CR-1992-00328 and release[] from prison."  Complaint at 6.  He also seeks an award of punitive damages.  See Complaint at 6.

No relief is available in this civil rights action on Ziehl's claims for release from custody and discharge from his conviction and sentence.  "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence[,] . . . [s]uch claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983."  Nelson v. Campbell, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  "[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)(citing McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).  If Ziehl wishes to pursue his claims for release from custody and discharge from his conviction and sentence, he must bring a habeas corpus proceeding after exhausting available state court remedies.  The Court will therefore dismiss these claims without prejudice.

The decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), bars Ziehl's claims for punitive damages based on allegations of illegal sentence and violation of his right to counsel under the Sixth Amendment to the Constitution of the United States of America. The Court in <u>Heck v. Humphrey</u> held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court finds that a ruling awarding damages to Ziehl on his claims "would necessarily imply the invalidity of his [sentence]." 512 U.S. at 487. <u>See</u> <u>Pettit v. Whetsel</u>, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999)(unpublished)[1](affirming dismissal of Sixth Amendment claim under <u>Heck v. Humphrey</u>). The Complaint does not allege that Ziehl's conviction or sentence has been set aside, <u>see</u> <u>Heck v. Humphrey</u>, 512 U.S. at 486-87, and thus his allegations of illegal sentence and ineffective assistance of counsel fail to state claims cognizable under § 1983. <u>But see</u> <u>Fottler v. United States</u>, 73 F.3d 1064, 1065-66 (10th Cir. 1996)(noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss the Complaint without prejudice.

---

[1]<u>Pettit v. Whetsel</u> is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that <u>Pettit v. Whetsel</u> has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

**IT IS ORDERED** that Plaintiff Gary Duane Ziehl's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 12, 2014 (Doc. 1), is dismissed without prejudice, pending motions are denied as moot, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Gary D. Ziehl
Otero County Prison Facility
Chaparral, New Mexico

   *Plaintiff pro se*